333 A.2d 784

**S. H. DEITCH**

v.

**Lloyd B. BIER, Jr., and Esther M. Bier, his wife, Appellants.**

Supreme Court of Pennsylvania.

Argued Dec. 3, 1974.

Decided March 18, 1975.

James R. Humer, Edward W. Harker, Carlisle, for appellants.

William A. Kramer, II, Kramer & Kramer, Carlisle, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from a final decree in equity which granted appellee, S. H. Deitch, an injunction against appellants, Lloyd B. Bier and Esther M. Bier, his wife, en-

joining them from operating a barber shop, in violation of a restrictive covenant prohibiting any business or commercial use of certain property.

The facts surrounding this appeal are as follows: In 1949, appellee, as owner of a tract of land in the village of West Hill, Cumberland County, subdivided a portion of this tract into eighteen numbered and six unnumbered lots. The deeds to all of the lots contained the following restriction: "no building or any part thereof, shall be used for any business or commercial use or purpose." Appellee retained an adjoining unrestricted portion of the original tract of land as his residence, and his son operates a school bus parking and maintenance facility on the same tract. West Hill is a rural residential area of approximately fifty homes.

On April 30, 1973, appellants purchased a restricted lot within the subdivision. They subsequently secured a written release of the business restriction from forty-two landowners within the subdivision and the village of West Hill. Appellee was not a party to the release agreement. On June 6, 1973, appellee, upon learning of the proposed conversion into a barber shop of a two-car garage on appellants' property, informed appellants that such a use was in violation of the restrictive covenant in their deed. On July 7, 1973, appellants commenced the alteration of the garage, and on July 25, 1973, appellee filed a complaint in equity to enjoin this construction and subsequent business use of the property. The chancellor took testimony and enjoined the use of the garage as a barber shop. Appellants filed exceptions, which were denied by the court en banc.

Appellants argue that the court below committed an error of law when it refused to consider the operation of a school bus facility on the adjoining tract of land owned by appellee as a relevant and material fact affecting the enforceability of the restrictive covenant. We agree.

Section 564, Restatement of Property (1944), provides as follows:

"Injunctive relief against violation of the obligations arising out of a promise respecting the use of land cannot be secured if conditions have so changed since the making of the promise as to make it impossible longer to secure in a substantial degree the benefits intended to be secured by the performance of the promise."

In the instant case, the changes in the immediate neighborhood *do not as a matter of law* necessitate the non-enforcement of the restrictive covenant, but such a change is a relevant and a material fact which should have been considered by the chancellor in determining the enforceability of the covenant. See *Schulman v. Serrill*, 432 Pa. 206, 246 A.2d 643 (1968); *Price v. Anderson*, 358 Pa. 209, 56 A.2d 215 (1948).

Decree vacated. Case remanded for proceedings consistent with this opinion. Costs to abide the event.

POMEROY, J., filed a dissenting opinion.

POMEROY, Justice (dissenting).

The Court cites the well established rule that injunctive relief against violations of covenants concerning the use of land may not be had "if conditions have so changed since the making of the promise as to make it impossible longer to secure . . . the benefits intended to be secured by the performance of the promise." Restatement of Property (1944) § 564. Applying that proposition, the Court then states that "the changes in the immediate neighborhood" which have occurred should have been considered by the chancellor in determining the enforceability of the covenant. On this record I must respectfully dissent.

The "changes" which the Court believes should have been considered are the operation of a school bus facility (i. e., the parking and minor maintenance of school bus-

es) on the adjoining land owned by the plaintiff. The chancellor made no findings in this respect. In dismissing the exception to this failure, the court en banc stated, correctly in my view, that such use of the plaintiff's land was "immaterial to a determination of the rights of the parties primarily because plaintiff's lot is not within the plan of lots covered by the restriction here in question. There are no like restrictions on the property retained by plaintiff." (opinion of the court en banc, 65a).

Moreover, there has been no change of conditions which can be said to affect these appellants. The restriction prohibiting business or commercial use of the property dates from 1955. The appellants did not purchase their lot until 1973. The use of a portion of plaintiff's unrestricted land for school bus parking and maintenance has been carried on first by the plaintiff himself, and more recently by his son, for approximately fifteen years (i. e., since about 1958). The parking lot is some two or three hundred yards away from the appellants' property.

I believe, accordingly, that the majority's reliance on Sec. 564 of the Restatement of Property is misplaced. I would affirm the injunctive decree on the basis of the chancellor's adjudication and the opinion of the court en banc. See also *Loeb v. Watkins*, 428 Pa. 480, 486, 240 A.2d 513 (1968) (opinion of Mr. Justice Musmanno announcing decision of the Court, and concurring opinion of Mr. Justice O'Brien, speaking for himself and Mr. Justice Roberts); *Peters v. Davis*, 426 Pa. 231, 238, 231 A.2d 748 (1967).